UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| ALEXANDER M. and AMY N. SOUSIE,<br><br>Plaintiffs,<br><br>V.<br><br>ALLSTATE INDEMNITY COMPANY, a foreign insurer,<br><br>Defendant. | NO. 3:17-cv-05078-BHS<br><br>NOTICE OF FILING OF COMPLAINT |

In the removal pleadings filed with this Court, Defendant Allstate Indemnity Company notes that it was served with Plaintiffs' Summons and Complaint in this matter on January 5, 2017, and that Plaintiffs electronically filed the Summons and various other documents with the Thurston County Superior Court. However, Defendant noted that the Thurston County Superior Court electronic case file does not contain a filed copy of Plaintiffs' Complaint, suggesting that this was likely the result of a clerical error.

Plaintiff has reviewed the Thurston County electronic court file and verified that it does not contain a copy of the Plaintiffs' Complaint. Plaintiffs believe that they properly submitted the Complaint along with the Summons and the other documents filed in this case for electronic filing on January 3, 2017, and therefore do not concede that the lack of a complaint in the Thurston County electronic court file is necessarily the result of Plaintiffs' clerical error.

In order to ensure that the Thurston County electronic court file contains the Complaint the Plaintiffs submitted for filing on January 3, 2017, and which Plaintiffs intended to become part of the

OWENS DAVIES, P.S.
1115 West Bay Drive, Suite 302
Olympia, Washington 98502
Phone: (360) 943-8320
Facsimile: (360) 943-6150

electronic case file as of that date, Plaintiffs have now filed with the Thurston County Superior Court a duplicate copy of the Plaintiffs' Complaint.

A true copy of the Complaint, showing that it has now been indisputably filed in the Thurston County Superior Court electronic case file, is attached hereto, for inclusion as part of the record in the Federal Court's electronic file in this removed action.

DATED this 3rd day of February, 2017.

OWENS DAVIES, P.S.


/s/ Matthew B. Edwards
Matthew B. Edwards, WSBA No. 18332
Attorney for Plaintiffs Alexander M. and
Amy N. Sousie

NOTICE OF FILING COMPLAINT - 2 -

☐ EXPEDITE
☐ Hearing is set:
   Date:
   Time:
   Judge/Calendar:
☒ No Hearing is set

E-FILED
THURSTON COUNTY, WA
SUPERIOR COURT
February 2, 2017
Linda Myhre Enlow
Thurston County Clerk

# SUPERIOR COURT OF WASHINGTON
# COUNTY OF THURSTON

ALEXANDER M. and AMY N. SOUSIE,

                Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY, a foreign insurer,

                Defendant.

NO. 17-2-00017-34

COMPLAINT

## I. JURISDICTION AND VENUE

1.1 This Court has subject matter jurisdiction over this action.

1.2 This Court has personal jurisdiction over the Defendant.

1.3 Venue lies with this Court.

## II. PARTIES

2.1 The Plaintiffs, Alexander M. and Amy N. Sousie, are husband and wife and reside at 4502 Sandstone Avenue SE, Lacey, Washington, 98503.

2.2 Defendant Allstate Indemnity Company ("the insurer") is a foreign insurer, doing business at Allstate Plaza North E-5, Northbrook, Illinois, 60062. Allstate Indemnity Company issued the Sousies a policy of insurance, Policy No. 976647465. Such policy was in force and effect on January 7, 2016.

## III. BASIC FACTS

3.1 On January 7, 2016, the Sousies suffered a loss covered under the policy, to wit: theft of personal property from a locked storage locker.

COMPLAINT - 1 -

OWENS DAVIES, P.S.
1115 West Bay Drive, Suite 302
Olympia, Washington 98502
Phone: (360) 943-8320
Facsimile: (360) 943-6150

3.2     The Sousies timely notified Allstate Indemnity Company of the loss, and made claims therefore under their policy.

3.3     By letter dated September 23, 2016, a true copy of which is attached hereto as Exhibit A, Allstate Indemnity Company denied the Sousies' claim for coverage under their policy.

3.4     By letter dated October 3, 2016, a true copy of which is attached hereto and incorporated by reference herein, the Sousies provided to Allstate Indemnity Company that notice required under the Insurance Fair Conduct Act, RCW 48.30.015, as a condition precedent to asserting remedies provided for under said Act.

3.5     More than 20 days have elapsed since Allstate Indemnity Company's receipt of this letter, and Allstate Indemnity Company has not acted to resolve the Sousies' claims to the satisfaction of the Sousies.

## IV.     CAUSES OF ACTION

### BREACH OF INSURANCE POLICY

4.1     Allstate Indemnity Company's denial of the Sousies' claim for coverage occurred in breach of Allstate Indemnity Company's obligation under the policy. The Sousies have sustained damages as a result of Allstate Indemnity Company's breach in an amount to be proven at trial, but alleged for purposes of this pleading to be $45,660.00, not including claims for treble damages, pre-judgment interest, or attorney's fees.

### OLYMPIC STEAMSHIP

4.2     This action is brought by the Sousies against their insurer to obtain the benefit of coverage due under their insurance policy. Therefore, the Sousies are entitled to an award of their attorney's fees and costs to the maximum extent provided pursuant to the rule articulated by the Washington Supreme Court in *Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991) and its progeny.

COMPLAINT - 2 -

OWENS DAVIES, P.S.
1115 West Bay Drive, Suite 302
Olympia, Washington 98502
Phone: (360) 943-8320
Facsimile: (360) 943-6150

## BREACH OF INSURANCE FAIR CONDUCT ACT

4.3   Allstate Indemnity Company's denial of the Sousies' claim for coverage occurred in violation of the Insurance Fair Conduct Act, codified at RCW 48.30.015. The Sousies are therefore entitled to an award of all the remedies provided for by the Insurance Fair Conduct Act, including treble damages and attorney's fees.

## ADDITIONAL CAUSES OF ACTION AFTER CONDUCTING DISCOVERY

4.4   The Sousies reserve the right to amend this complaint to assert additional causes of action after conducting discovery.

## V.   PRAYER

Based on the foregoing, the Sousies pray the Court for the granting of the following relief:

1. For a judgment based on Allstate Indemnity Company's breach of the policy of insurance, in an amount to be proven at trial, but allege for purposes of this pleading to equal or exceed $45,660.00.
2. For treble damages, pursuant to the Insurance Fair Conduct Act.
3. For pre-and-post-judgment interest, to the maximum extent permitted by law.
4. For attorney's fees, expert witness fees, and costs, to the maximum extent provided for under the rule articulated by the Washington Supreme Court in *Olympic Steamship* and its progeny, under the Insurance Fair Conduct Act, or under any other applicable statute, case, or rule of law.
5. For such other and further relief as the Court deems just and equitable.

DATED this 3rd day of January 2017.

OWENS DAVIES, P.S.

_____
Matthew B. Edwards, WSBA No. 18332
Attorney for Plaintiffs Alexander M. and Amy N. Sousie

COMPLAINT - 3 -

OWENS DAVIES, P.S.
1115 West Bay Drive, Suite 302
Olympia, Washington 98502
Phone: (360) 943-8320
Facsimile: (360) 943-6150

MARK S. COLE *
RICK J WATHEN
RORY W. LEID, III
RYAN J. HALL +
KIMBERLY L. RIDER ^
◊
A. ELYSE O'NEILL
AREZOU AREFI-AFSHAR
CHRISTOPHER J. ROSLANIEC ++
--WILLIAM L. WEBER, III
JENNA R. GOLTERMANN
NICHOLAS A. REYNOLDS
JAY R. SIMMONS

**COLE | WATHEN | LEID | HALL P.C.**
303 Battery Street
Seattle, WA 98121-1419

----------

Telephone (206) 622-0494
Toll free (888) 622-0494
Fax (206) 587-2476
Website: cwlhlaw.com

FRED G. CLARKE, 1879 - 1945
GEORGE H. BOVINGDON, 1906 - 1988
GEORGE G. BOVINGDON, 1934 - 1995
FRED G. (TED) CLARKE, JR., 1911 - 2000
GEORGE W. CLARKE 1906 - 2006
◊
*Of Counsel
--Senior Litigation Attorney
+Also Licensed in Oregon
++Also Licensed in Alaska
& Oregon
^Also Licensed in Rhode Island
& Massachusetts

September 23, 2016

*Via US Mail & E-mail*

Matthew Adams
Owens Davies
1115 W. Bay Dr., Suite 302
Olympia, WA 98502
medwards@owensdavies.com
jthomas@owensdavies.com

Re:   Insured              :   Sousie, Amy
      Insuring Entity      :   Allstate Indemnity Company
      Date of Loss         :   01/07/2016
      Policy No.           :   976647465
      Claim No.            :   0397573791
      Our File No          :   16161

Dear Mr. Adams:

By this letter you are respectfully advised that Allstate Indemnity Company hereby your denies your clients' claim for insurance proceeds. Allstate's decision to deny your clients' claim is based upon the discrepancies between their bankruptcy petition, sworn examination under oath testimony and other claim information as submitted. Allstate denies your clients' claim based upon this conclusion that they have misrepresented and concealed material facts, and that they are not the owner of certain items of personal property claimed.

**A.   MISREPRESENTATION AND CONCEALMENT**

In this regard, the policy of insurance provides:

*Misrepresentation, Fraud Concealment*

**We** do not cover any loss or **occurrence** in which any **insured person** has concealed or misrepresented any material fact or circumstance that exits at the time of the loss or **occurrence**. (Allstate Indemnity Policy at page 5)

During your clients' statements to Allstate, they indicated that all information contained in the bankruptcy petition was true and correct. It appeared they also indicated all information contained in their Proof of Loss attached inventory sheets are true and correct. However, both statements cannot be true. If both statements were true the bankruptcy petition would correspond to the inventory as submitted to Allstate. Your clients have subsequently conceded that the information in one, or both the bankruptcy petition and claim submitted to Allstate is not correct.

EXHIBIT __A__

Matthew Adams
September 21, 2016
Page 2

    The courts of this state have recognized that a party is not permitted to maintain inconsistent positions in judicial proceedings. It is not strictly a question of estoppel as it is a rule of procedure based upon manifest justice and on consideration of orderliness, regularity and expedition on litigation. *Mueller v. Garske*, 1 Wash. App. 406, 461 P.2d 886 (1969); see also *Hamilton v. State Farm Casualty Company*, 270 F.3d 778 (9th Cir. 2001) (court precluded allowing a party to maintain inconsistent positions in separate actions.) Based upon the doctrine of judicial estoppel, Allstate has concluded that your client has misrepresented and concealed the accuracy of the bankruptcy petitions and/or the claims submitted to Allstate. Both simply cannot be true. As a result, Allstate denies your clients' claim for insurance proceeds based upon the above referenced policy provision.

**B.  LACK OF OWNERSHIP**

    One of the fundamental principles of the bankruptcy laws is that all legal or equitable interest of a debtor in personal property becomes the property of the bankruptcy trustee. See 11 U.S.C. § 541. Your clients had an obligation and duty under the bankruptcy laws to disclose all property owned. See 11 U.S.C. § 521. In your clients' testimony provided to Allstate, despite initially attesting to the truthfulness of the bankruptcy petitions, your clients later testified that several items of personal property were not disclosed to the bankruptcy trustee. As a matter of law, any undisclosed property remains an asset of the bankruptcy estate. See *Stein v. United Artists Corp.*, 691 F.2d 885 9th Circuit 1982 (undisclosed property remains the property of the bankruptcy estate.) Moreover, a debtor cannot later claim ownership of undisclosed property. *Linklater v. Johnson*, 53 Wn. App. 567 (1989).

    To the extent that any claim for undisclosed property is made by your clients, Allstate is determined that your clients are not the owners of the property and as such are not entitled to make the claim under the policy of insurance.

    The grounds set forth in this denial letter are provided in compliance with Washington state law as an explanation of the policy language, case law and facts which support the denial. There may be additional facts, policy language and limitations which apply. In this regard, we recommend that you review the policy of insurance.

    You are respectfully advised that Allstate Indemnity Company requires full and complete compliance with all of the terms and conditions of the policy. Allstate Indemnity Company reserves all of its rights and defenses, and no waiver nor estoppel is intended nor should be inferred.

Sincerely,

Rick J Wathen



# OWENS & DAVIES
## ATTORNEYS AT LAW

Matthew B. Edwards
medwards@owensdavies.com

1115 West Bay Drive, Suite 302
Olympia, Washington 98502

Phone (360) 943-8320
Facsimile (360) 943-6150
www.owensdavies.com

October 3, 2016

Rick J. Wathen
Cole, Wathen, Leid, Hall, P.C.
303 Batter Street
Seattle, WA 98121-1419

Allstate Indemnity Company
3075 Sanders Rd Ste H2D
Attn: Residual Markets Unit
Northbrook, IL 60062-3075

Office of the Insurance Commissioner
IFCA Claim Notification
Attn: Office Support Unit
PO Box 40255
Olympia, WA 98504-0255

Re:   File Name:        Sousie, Amy
      Insuring Entity:  Allstate Indemnity Company
      Policy No.:       976647465
      Date of Loss:     01/07/2016
      Claim No.:        0397573791
      Your File No.:    16161

Dear Mr. Wathen:

This is in response to your September 23, 2016 letter addressed to "Matthew Adams."

By your letter, Allstate purports to deny the Sousies' claims based on a policy provision that states that Allstate does not cover any loss or occurrence in which any insured person has misrepresented any material fact or circumstance that exits [sic] at the time of the loss or occurrence. Allstate's specific theory is that the bankruptcy schedules which the Sousies signed as part of their 2011 bankruptcy, and the inventory sheets that they attached to their Proof of Loss, are somehow "inconsistent."

Allstate has the burden under the Washington State Insurance Commissioner's Insurance Fair Claims Settlement Practices regulations "to promptly provide a

*A Legacy of Wisdom Shared*

EXHIBIT B

Allstate and Insurance Commissioner
October 3, 2016
Page 2

reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement." WAC 284-30-330(13). Here, the denial letter fails to identify *with specificity* the material fact(s) or circumstance(s) which Allstate claims the Sousies "misrepresented." The Sousies are not obligated to guess about exactly what specific facts Allstate alleges the Sousies "misrepresented."

Please identify, *with specificity*, each "misrepresentation" that you claim the Sousies made based on which Allstate is denying the Sousies' claim. Then, for each such alleged "misrepresentation," explain how and why Allstate believes the alleged misrepresentation to have been "material," and how it relates to "a fact or circumstance that existed at the time of loss or occurrence."

While it is impossible for the Sousies to fully respond in the absence of this information, the Sousies did not make any misrepresentations to Allstate.

After the Sousies experienced a theft of personal property from their storage unit, they made a claim to Allstate. The Allstate policy specifically provides the Sousies with the right to recover the **replacement value** of this property. The Sousies were instructed by Allstate personnel to provide Allstate with a list of the personal property that they could identify as having been stolen, and to estimate **the amount that would be necessary to purchase a like item at retail to replace the item that was lost**. The Sousies did just that. It is my understanding that Allstate does not allege any misrepresentation by the Sousies in this respect.

Instead, as I understand it, Allstate's position is that the Sousies "misrepresented" the value of certain items when completing the schedule B submitted as part of their 2011 bankruptcy petition. However, the Sousies also did not commit any misrepresentation in connection with the filing of this schedule, which had been prepared for them by their attorney.

11 U.S.C. § 521 (a)(1)(B)(I) requires debtors filing for bankruptcy to file a schedule of assets and liabilities. This statute contains no instruction as to exactly what information a person filing such a schedule must include on the form. The Federal courts recognize this: "§ 521(a)(1) does not specify the level of detail with which that asset must be described." In re Furlong, 660 F. 3d 81, 87, (1st Cir. 2011).

The official form employed by the U. S. Bankruptcy Court for the District of Maine in 2011 for the purpose of scheduling personal property required debtors to disclose property by type. One type of property described in the form is "Household goods and furnishings, including audio, video, and computer equipment." The Sousies accurately disclosed that they possessed property in this category.

Allstate and Insurance Commissioner
October 3, 2016
Page 3

The official form contains a column in which the debtors are to estimate the current value of debtor's interest in that type of property. The form does not contain any instructions about what value is to be employed.

Under bankruptcy law, an asset is adequately scheduled if its description exhibits "reasonable particularization under the circumstances." *Id.* A debtor is required only to "do enough itemizing to enable the trustee to determine whether to investigate further." *Payne v. Wood*, 775 F. 2d 202, 207 (7th Cir. 1985). "It would be silly to require a debtor to itemize every dish and fork . . ." *Id.*

Moreover, "mistakes in valuation will not enable a trustee to recover an abandoned asset." *Hutchins v. IRS*, 67 F. 3d 40, 43 (3rd Circuit, 1995). This is true even upon "subsequent discovery that the property has a greater value than previously believed." In re *DeVore*, 223 B.R. 193, 197 (B.A.P. 9th Cir. 1998). The test is whether the listing of an asset in the debtor's schedules was so defective that it would forestall a proper investigation of the asset. *Cusano v. Klein*, 264 F. 3d 936 (9th Cir. 2001).

The purpose of a bankruptcy petition is to put the bankruptcy trustee and/or creditors[1] on notice of the existence of assets, and of claimed exemptions in the assets, so that the trustee can determine whether there is any equity in excess of the exempt amount which it could sell for the benefit of the bankruptcy estate. Therefore, **the appropriate value for a debtor to employ, and the value the Sousies did employ, is "auction value."** This is the value which a trustee could expect to recover should he actually attempt to liquidate assets at auction.

In their bankruptcy petition, the Sousies stated that they had "no single item 3worth [sic] more than $400 of goods" falling under the category of "Household goods and furnishings including audio, video, and computer equipment." The Sousies estimated the current value of their interest in this property at $3,000. That was a reasonable, good faith estimate of what their household goods could have been expected to fetch at auction.

Moreover, in determining the issue of adequate disclosure, exemptions need to be considered. Under the law applicable to the Sousies' bankruptcy petition, the Sousies had an automatic right to exempt the first $400 in value in each item of personal property. In addition, the Sousies were entitled to exempt items of household personal property up to a potential value of $12,000 beyond that per item exempt amount. The trustee will be potentially interested in administering estate property only if its estimated value exceeds these applicable exemption amounts.

Finally, the trustee will be interested in administering personal property only if the non-exempt cash return generated from a sale would exceed the cost of marshalling, obtaining the authority to sell, and auctioning the items.

---

[1] Hereinafter, simply "trustee."

Allstate and Insurance Commissioner
October 3, 2016
Page 4

In light of the foregoing, the Sousies adequately scheduled their interest in their household personal property. They disclosed that they owned household personal property. They provided a reasonable, good faith estimate of auction value. They scheduled their household personal property in exactly the same way that virtually every debtor schedules such property.

I am unaware of any case which has ever held that the scheduling of household personal property like that owned by the Sousies in the matter in which the Sousies scheduled that property was inadequate, or constituted a "misrepresentation." Since you do not identify any such case authority in your denial letter, I take it that Allstate is unable to point to any such authority.

Moreover, the Sousies manifestly provided enough information about their household personal property on their bankruptcy schedule to allow the trustee to determine whether to investigate further. The Sousies' bankruptcy trustee did not investigate further. The attorney representing the Sousies in connection with their bankruptcy petition is prepared to testify that, in his years of practice, he has **never** had a Trustee express an interest in selling an item of household personal property.

Moreover, there is nothing inconsistent about the value estimates contained in the Sousie's bankruptcy schedules, and in the information the Sousies subsequently provided to Allstate. The Sousies, in these two substantially different contexts, appropriately applied two substantially different measures of value. In their bankruptcy schedule, the Sousies provided an estimate of auction value: the price goods might fetch if the trustee were to arrange to sell those goods at auction.

In contrast, when providing information to Allstate, Allstate personnel specifically instructed the Sousies to use replacement value: the amount it would cost to walk into a retail establishment and purchase a new item like the used item that was stolen. Given the substantially differing methods of valuation the Sousies employed, it is not at all surprising that the absolute value of all or any particular piece of property might be very substantially different.

In sum, the Sousies acted in good faith and in reliance upon the advice of their counsel in completing the personal property and other schedules which they completed as part of their 2011 bankruptcy petition. Because Allstate has not pointed to any <u>specific</u> misrepresentation that the Sousies allegedly made in connection with the filing of their bankruptcy schedules, it would appear Allstate has no real basis for alleging to the contrary.

Moreover, in addition to showing misrepresentation, Allstate has the burden, under the plain language of the relevant portion of its policy, to show that the misrepresentation was material, and that it relates to a fact or circumstance that exists at the time of the loss or occurrence.

Allstate and Insurance Commissioner
October 3, 2016
Page 5

For the reasons described above, Allstate cannot show that any representation the Sousies made about the value of their household goods in their bankruptcy schedule was "material." The Sousies put the trustee on notice that they owned household goods in exactly the way the official bankruptcy schedule contemplated they should do. The provided an estimate of the cumulative auction value of those goods. Under applicable bankruptcy law, they satisfied their obligation to disclose. It was up to the trustee to investigate further, if he wished to do so.

Similarly, Allstate does not begin to purport to explain how anything the Sousies put on their 2011 bankruptcy petition relates to a "fact or circumstance that exists at the time of the loss or occurrence" in late 2015. For this separate and additional reason, Allstate's decision to deny coverage is wholly unreasonable.

Finally, although Allstate does not point to any specific misrepresentation that Allstate claims the Sousies made in connection with their claim submissions to Allstate, or in connection with the filing of their 2011 bankruptcy petition, in your letter on behalf of Allstate, you allege that some claimed "inconsistency" between the two gives rise to some form of judicial estoppel. I note that there is absolutely nothing in Allstate's policy which purports to allow Allstate to deny a claim on this basis.

> Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding, and later seeking an advantage by taking a clearly inconsistent position.

*Arkison v. Ethan Allen, Inc.*, 160 Wn. 2d 535, 538 ¶ 7, 160 P. 3d 13 (2007).

> Three core factors guide a trial court's determination of whether to apply the judicial estoppel doctrine: (1) whether a party's later position is clearly inconsistent with its earlier position; (2) whether judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or second court was misled; and (3) whether the party seeking to determine an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.*, ¶ 8(citing cases, quotation marks omitted).

> Application of the doctrine may be inappropriate when a party's prior position was based on inadvertence or mistake.

*Id.*, p. 539, ¶ 8(citing cases, quotation marks omitted).

Allstate and Insurance Commissioner
October 3, 2016
Page 6

> Courts may generally apply judicial estoppel to *debtors* who fail to list a potential legal claim among their assets during bankruptcy proceedings and then later "pursue the claims after the bankruptcy discharge."

*Id.*

In support of your claim of judicial estoppel, you cite to exactly two case authorities. The first, *Mueller v. Garske*, 1 Wash.App. 407. 461 P.2d 886 (1969) is an old Washington Court of Appeals decision whose facts bear no relationship to the facts to this case. The second, *Hamilton v. State Farm Casualty Co.*, 270 F.3d 778 (9th Circuit 2001) involved a bankruptcy petitioner who completely failed to schedule an asset—a cause of action against a third party—on their bankruptcy schedules.

I am aware of cases like *Hamilton* which hold that a debtor's <u>complete failure to disclose an asset</u> on their bankruptcy schedules can give rise to a judicial estoppel. However, like in *Hamilton*, those cases uniformly deal with the debtor's complete failure to disclose, usually a failure to disclose a legal claim that the debtor contemplates pursuing against the third party. *See, e.g., Hamilton v. State Farm Cas. Co.*, 270 F. 3d 778 (9th Cir. 2001) (bankruptcy petitioner completely failed to disclose existence of potential claim against an insurer on its bankruptcy schedules).

The facts here are easily distinguishable from the facts of those cases. In those cases, there was no disclosure of an asset on the debtor's bankruptcy schedules at all. Here, in contrast, the Sousies disclosed that they possessed household goods. Unlike in those cases, the Sousies made sufficient disclosure to put the trustee on inquiry notice.

Moreover, as discussed above, there is no inconsistency between the disclosure of value contained on the Sousies bankruptcy schedule, and the values the Sousies presented to Allstate. In a former case, the Sousies, upon the advice of counsel, employed auction value—the lowest possible value. In the latter case, upon the explicit instruction of Allstate personnel, the Sousies determined value by the cost to replace their stolen property with a new item at retail—the highest possible value. Because of this, there is no inconsistency, and Allstate's claim that the doctrine of judicial estoppel applies fails.

Finally, your uncited claim that the Sousies "have conceded that the [inventory submitted to Allstate] or . . . the information in . . . both the bankruptcy petition and the claim submitted to Allstate is not correct" is a misrepresentation of the facts. As such, it has been made in violation of the Washington State Insurance Commissioner's Unfair Claims Settlement Practices regulations. WAC 284-30-330(1).

In addition, your claim that the Sousies lack an ownership interest in the property is completely frivolous. Pursuant to 11 U.S.C. § 554(c), as long as a debtor schedules property in the bankruptcy petition, it is abandoned back to the debtor on the closing of the bankruptcy case. *Id.* The Sousies, having identified household goods as a type

Allstate and Insurance Commissioner
October 3, 2016
Page 7

of property they owned in their bankruptcy schedule, and the trustee having chosen not to administer those assets prior to the closing of the bankruptcy case, title to that property reverted to the Sousies upon the closing of their bankruptcy case.

In sum, the Sousies did not make any misrepresentation to Allstate. The Sousies also did not make any misrepresentation in connection with their 2011 bankruptcy schedules. The doctrine of judicial estoppel does not apply.

Allstate is placed on notice that the Sousies are invoking their rights under the Insurance Fair Conduct Act, Chapter 48.30.015 RCW. Pursuant to RCW 48.30.015(8)(b), you are hereby placed on notice that unless Allstate resolves this matter to the satisfaction of the Sousies within 20 days of its receipt of this letter, the Sousies shall have the right to bring an action against Allstate challenging Allstate's denial of their insurance claim, as part of which the Sousies will be entitled to invoke the remedies provided for in said Act, including treble damages and attorney's fees.

Sincerely,

OWENS DAVIES, P.S.

Matthew B. Edwards

MBE/ad

cc: Alexander and Amy Sousie

## DECLARATION OF MAILING

I, Julie A. Thomas, certify under penalty of perjury of the laws of the State of Washington that I deposited three originals of this letter, in envelopes addressed to each of the three parties to whom this letter is addressed, properly addressed to said entities, to which postage sufficient to ensure first class mailing was affixed, into the U.S. mail for regular delivery.

Dated this 3rd day of October, 2016, at Olympia, Washington.

_____
Julie A. Thomas