UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDER M. AND AMY N. SOUSIE, <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INDEMNITY COMPANY, <br><br> Defendant. | CASE NO. C17-5078 BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND FOR MORE DEFINITE STATEMENT AND GRANTING DEFENDANT LEAVE TO AMEND |

This matter comes before the Court on Plaintiffs Alexander and Amy Sousie's ("Sousies") motion for partial summary judgment and for more definite statement (Dkt. 9). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

On January 4, 2017, the Sousies served the Washington Insurance Commissioner with a complaint against Defendant and foreign insurer Allstate Indemnity Company ("Allstate"). Dkt. 1-1. The Sousies assert a cause of action for breach of their insurance agreement and a violation of Washington's Insurance Fair Conduct Act. *Id*.

On February 1, 2017, Allstate removed the matter to this Court. Dkt. 1.

On February 17, 2017, Allstate answered the complaint and asserted the affirmative defense that the Sousies' damages are not covered under the policy of insurance because of misrepresentation, concealmend, and lack of ownership. Dkt. 8.

On March 2, 2017, the Sousies moved for summary judgment and for a more definite statement. Dkt. 9. On March 20, 2017, Allstate responded. Dkt. 13. On March 24, 2017, the Sousies replied. Dkt. 16.

## II. DISCUSSION

### A. Summary Judgment

The Sousies move for partial summary judgment on jurisdiction, venue, all defenses under Federal Rule of Civil Procedure 12(b), the issuance and contents of the insurance policy, facts relating to the theft of personal property, and certain other affirmative defenses. Dkt. 9 at 6–10.

#### 1. Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2.     Jurisdiction and Venue**

If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). Therefore, the Court denies the Sousies' motion on this issue.

Allstate concedes personal jurisdiction and venue. Dkt. 13 at 7. Therefore, the Court grants the Sousies' motion on these issues.

### 3. Other Matters

The Sousies' motion is inappropriate for all other matters at this time. Allstate has properly asserted and plead the majority of its defenses. The Court agrees with Allstate that a summary judgment motion is an inappropriate means to determine the authenticity of the parties' contract. Forcing Allstate to agree to the facts of the theft of the Sousies' property before discovery has even begun is also inappropriate. Therefore, the Court denies the Sousies' motion on these issues.

### 4. Sanctions

Allstate requests that the Court award sanctions for having to respond to the Sousies' inappropriate motion. Dkt. 13 at 2. "A district court may impose sanctions when a motion is not well grounded in fact." *Mossman v. Roadway Exp., Inc.*, 789 F.2d 804, 806 (9th Cir. 1986). While portions of the motion are indeed inappropriate, the Court is unable to conclude that the motion rises to the level of sanctionable conduct. Therefore, the Court denies Allstate's request for sanctions.

## B. Motion to Dismiss

The Sousies move to dismiss Allstate's defense based on misrepresentation for failure to plead the defenses with particularity. Dkt. 9 at 13–17. Although neither party has provided binding authority for the proposition that an affirmative defense of fraud must be plead with particularity, the weight of authority suggests that such a defense must comply with Federal Rule of Civil Procedure 9(b). *See*, *e.g*., 5A Fed. Prac. &

Proc. Civ. § 1297 (3d ed. 2004) ("Inasmuch as the defense of fraud cannot be raised in an answer under a general denial because Rule 8(c) requires that defense to be pleaded affirmatively, the assertion of such a defense is an allegation of fraud and is subject to the heightened pleading requirements of Rule 9(b)."). Therefore, the Court grants the Sousies' motion on this issue and grants Allstate leave to file an amended answer.

### III. ORDER

Therefore, it is hereby **ORDERED** that the Sousies' motion for partial summary judgment and for more definite statement (Dkt. 9) is **GRANTED in part** and **DENIED in part** as stated herein. Allstate must file an amended answer no later than May 12, 2017.

Dated this 3rd day of May, 2017.

BENJAMIN H. SETTLE
United States District Judge