1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

3

4

5

6

7

8

| | |
|---|---|
| ALEXANDER M. and AMY N. SOUSIE, | CASE NO. C17-5078 BHS |
| Plaintiffs, | ORDER DENYING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND PLAINTIFFS' MOTION TO COMPEL |
| v. | |
| ALLSTATE INDEMNITY COMPANY, | |
| Defendant. | |

9

10

11

This matter comes before the Court on Plaintiffs Alexander and Amy Sousie's ("Sousies") motion to compel (Dkt. 27) and Defendant Allstate Indemnity Company's ("Allstate") motion for protective order (Dkt. 28).

12

13

14

15

16

17

18

On November 16, 2017, the parties filed the instant motions. The Sousies request that the Court order (1) Allstate to produce the remainder of its claims history printout, (2) Allstate produce all pre-denial documents from its claims file, (3) Allstate's claims adjuster Peter Poulos to sit for another deposition, and (4) Allstate's attorney of record, Rick Wathen, to sit for a deposition. Dkt. 27. Allstate seeks a protective order to prevent Mr. Wathen's deposition. Dkt. 28. The parties responded, Dkts. 31, 35, and the parties replied, Dkts. 33, 37. Allstate filed a surreply to the Sousies' reply. Dkt. 40.

19

20

21

22

The Court will resolve the issues summarily because the motions are premature. First, the Sousies have not served subpoenas for the requested depositions. The Court declines to waste judicial resources on informal requests and/or "expected" denials of formal requests. Therefore, the Court **DENIES** Allstate's motion and the Sousies'

1  motion as to the depositions of Mr. Poulos and Mr. Wathen.

2      Second, the Sousies move to compel material that Allstate declares it will produce.

3  Allstate has declared that it would supplement its production by November 30, 2017.

4  Rather than wait for that deadline to pass, the Sousies filed the motion to compel and

5  noted it for consideration on November 29, 2017.  Thus, the motion was ripe one day

6  before the deadline.  This makes no sense whatsoever.  Moreover, the Court declines to

7  issue an order that generally requires Allstate to produce what it must produce because

8  the rules of procedure already require Allstate to do so.  Therefore, the Court **DENIES**

9  the Sousies' motion on this issue.

10     Finally, the Sousies move the Court to "hold that Allstate is not entitled to assert

11  the attorney-client privilege or work product doctrine, in order to justify its refusal to

12  disclose any document created prior to or containing information pertaining to Allstate's

13  pre-litigation conduct." Dkt. 27 at 8.  The motion is denied.  The rules of procedure

14  clearly outline the way in which a party may challenge specific designations and refusals

15  to produce relevant discovery.  Requesting a general blanket waiver for an entire time

16  period over "any" document is not one of those procedures.  Therefore, the Court

17  **DENIES** the Sousies' motion on this issue and in full.

18      **IT IS SO ORDERED**.

19      Dated this 22nd day of December, 2017.

20

21

22

BENJAMIN H. SETTLE
United States District Judge