1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXANDER M. and AMY N.
SOUSIE,

                    Plaintiffs,

        v.

ALLSTATE INDEMNITY COMPANY,

                    Defendant.

CASE NO. C17-5078 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFFS' MOTION TO
COMPEL AND RENOTING
PLAINTIFFS' MOTION TO
STRIKE

        This matter comes before the Court on Plaintiffs Alexander and Amy Sousie's

("Sousies") motion to compel (Dkt. 46) and motion to strike testimony (Dkt. 48). The

Court has considered the pleadings filed in support of and in opposition to the motions

and the remainder of the file and hereby rules as follows:

## I.    PROCEDURAL HISTORY

        On January 4, 2017, the Sousies served the Washington Insurance Commissioner

with a complaint against Defendant and foreign insurer Allstate Indemnity Company

("Allstate").  Dkt. 1-1.  The Sousies assert a cause of action for breach of their insurance

agreement and a violation of Washington's Insurance Fair Conduct Act ("IFCA").  *Id.*

On January 4, 2018, the Sousies filed a motion to compel requesting that the Court order Allstate to produce 35 redacted entries from its claims history document and 10 other documents and grant leave to conduct a second deposition of Allstate's investigator, Peter Poulos. Dkt. 46. On January 16, 2018, Allstate responded. Dkt. 50. On January 19, 2018, the Sousies replied. Dkt. 52. On January 23, 2018, Allstate filed a surreply requesting that the Court strike the Sousies' overlength brief. Dkt. 57.[1]

On January 5, 2018, the Sousies filed a motion to strike Allstate's rebuttal expert. Dkt. 48. On January 22, 2018, Allstate responded. Dkt. 54. On January 22, 2018, the Sousies replied. Dkt. 56.

## II.   DISCUSSION

### A.   Motion to Compel

"On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1).[2] "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1).

In this case, the Sousies move to compel documents and a second deposition of Allstate's investigator. Regarding the documents, Allstate separates the requested documents into three categories as follows: (1) documents regarding counsel and communications with counsel, (2) documents regarding counsel's invoices and expenses,

---

[1] The Court denies the request because the majority of the arguments are repetitive of ones advanced in the motion.

[2] Allstate contends that the Sousies failed to properly meet and confer. The Court disagrees and finds the meeting in November satisfies the prerequisite for filing the motion.

and (3) material created after Allstate denied the Sousies' claim.  Allstate based its withholding of these documents on the assertion of attorney-client and work-product privileges.  Before addressing the application of the privileges to the documents, the Court will first address a dispute regarding scope of the applicable law.

"In Washington, there is a presumption that there is no attorney-client privilege relevant between the insured and the insurer in the claims adjusting process, and that the attorney-client and work product privileges are generally not relevant." *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686, 698 (2013) (internal citations omitted). An "insurer may overcome the presumption of discoverability by showing its attorney was not engaged in the quasi-fiduciary tasks of investigating and evaluating or processing the claim, but instead in providing the insurer with counsel as to its own potential liability; for example, whether or not coverage exists under the law." *Id*.

Allstate argues that *Cedell* is not relevant to the Sousies' IFCA claims because it applies only to first party *bad faith* claims by insureds against their insurers.  Dkt. 50 at 4–5.  The Court disagrees because an IFCA claim is a specific type of bad faith claim. "IFCA explicitly creates a cause of action for first party insureds who were 'unreasonably denied a claim for coverage or payment of benefits.'" *Perez-Crisantos v. State Farm Fire & Cas. Co.*, 187 Wn.2d 669, 680 (2017) (citing RCW 48.30.015(1)).  Similarly, an insurer establishes the tort of bad faith when an "insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded." *Smith v. Safeco Ins. Co.*, 150 Wn.2d 478, 484, 78 P.3d 1274, 1277 (2003).  Thus, an unreasonable denial of coverage is simply an unreasonable breach of the contractual obligation to provide coverage.

Although the parties fail to provide and the Court is unaware of any authority on this specific issue, it is a logical proposition that if *Cedell* governs the more general bad faith claim, it would also govern the more specific IFCA claim. Therefore, the Court concludes that *Cedell* governs the Sousies' IFCA claim.

In light of this conclusion, the Court finds that Allstate has failed to properly assert the privileges in this matter. The Court starts with the presumption against the privileges. *Cedell*, 176 Wn.2d at 698. The burden then shifts to Allstate to establish that its attorney, Rick Wathen, was providing legal advice regarding coverage issues instead of engaging in quasi-fiduciary tasks. *Id*. Regarding the documents identified and dated up to the date of denial, Allstate fails to provide any evidence to rebut the presumption that the attorney-client privilege does not apply to these documents. Similarly, Allstate has failed to establish that the work-product doctrine applies to material created before the denial of the Sousies' claim. Therefore, the Court grants the Sousies' motion as to this material.

Regarding the two "post-denial" documents created after the denial of the claim but before denying the Sousies' reconsideration, this seems to be a gray area wherein Mr. Wathen could have been providing counsel or could have been purely handling the request for reconsideration. As such, Allstate may either produce these two documents or submit them for *in camera* review with a declaration explaining the basis for the assertion of any privilege, no later than March 9, 2018.

Regarding the material pertaining to counsel's invoices and expenses, the Sousies have failed to show the relevance of this material. The Court agrees with the Sousies that discoverable information need not be admissible. Dkt. 52 at 8. The Sousies, however,

are incorrect in asserting that they are entitled to irrelevant information. Fed. R. Civ. P. 26(b)(1). Therefore, the Court denies the Sousies' motion as to these documents.

Finally, the Sousies request a second deposition of Mr. Poulos. The Court finds that a limited, additional deposition is appropriate in light of the Court-ordered production of withheld documents. The parties shall meet and confer to schedule this deposition.

**B.     Motion to Strike**

The Sousies move to strike Allstate's rebuttal expert witness, William Height. Dkt. 48. The Sousies contend that the rebuttal expert disclosure contemplated by the Court's scheduling order only requires disclosure of testimony offered to specifically rebut another expert's testimony. On the other hand, Allstate seeks to benefit from an apparent loophole in the federal rules of procedure. Allstate argues that it may disclose an expert as a rebuttal expert if the expert will be called to only rebut evidence that the Sousies offer through lay witnesses. Dkt. 54 at 3–4. The Court disagrees with Allstate because "a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness,' or anything analogous to one." *Morgan v. Commercial Union Assur. Companies*, 606 F.2d 554, 556 (5th Cir. 1979). Allstate should have anticipated the Sousies' claims of improper claim handling when Allstate received the Sousies' complaint. Thus, the Court finds that Allstate has improperly disclosed Mr. Height as a rebuttal expert when he should have been disclosed as an expert.

The Court may exclude an expert who was not timely disclosed. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). However, the information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). Allstate failed to address these exceptions to exclusion. Therefore, the Court will renote the Sousies' motion to allow Allstate an opportunity to show that its untimely disclosure was either substantially justified or harmless. The Court notes that there is some time before trial to both depose Mr. Height and obtain a rebuttal expert. The Court also notes that such experts on insurance claim handling practices usually offer evidence of marginal relevance and walk a fine line between actually assisting the jury and improperly commenting on the ultimate conclusions of law.

### III.  ORDER

Therefore, it is hereby **ORDERED** that the Sousies' motion to compel (Dkt. 46) is **GRANTED in part** and **DENIED in part** as set forth herein, and the Clerk shall renote the Sousies' motion to strike testimony (Dkt. 48) for consideration on the Court's March 9, 2018 calendar.

Dated this 26th day of February, 2018.

BENJAMIN H. SETTLE
United States District Judge