UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDER M. and AMY N. SOUSIE,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>　　　　　　Defendant. | CASE NO. C17-5078 BHS<br><br>ORDER DENYING PLAINTIFFS' MOTION TO STRIKE AND DECLINING PRODUCTION AFTER *IN CAMERA REVIEW* |

This matter comes before the Court on Plaintiffs Alexander and Amy Sousie's ("Sousies") motion to compel (Dkt. 46) and motion to strike testimony (Dkt. 48), the Court's order on the motions, and Defendant Allstate Indemnity Company's ("Allstate") supplemental responses (Dkt. 71, 76). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On January 4, 2017, the Sousies served the Washington Insurance Commissioner with a complaint against Defendant and foreign insurer Allstate Indemnity Company

("Allstate"). Dkt. 1-1. The Sousies assert a cause of action for breach of their insurance agreement and a violation of Washington's Insurance Fair Conduct Act ("IFCA"). *Id*.

On January 4, 2018, the Sousies filed a motion to compel requesting that the Court order Allstate to produce 35 redacted entries from its claims history document and 10 other documents and grant leave to conduct a second deposition of Allstate's investigator, Peter Poulos. Dkt. 46. On January 16, 2018, Allstate responded. Dkt. 50. On January 19, 2018, the Sousies replied. Dkt. 52.

On January 5, 2018, the Sousies filed a motion to strike Allstate's rebuttal expert. Dkt. 48. On January 22, 2018, Allstate responded. Dkt. 54. On January 22, 2018, the Sousies replied. Dkt. 56.

On Febraury 26, 2018, the Court issued an order on the Sousies' motions. Dkt. 70. First, the Court renoted the Sousies' motion to strike to allow Allstate an opportunity to explain its untimely disclosure of an expert. *Id*. On March 5, 2018, Allstate responded. Dkt. 71. The Sousies did not reply.

Second, the Court granted the motion to compel in part, denied it in part, and allowed Allstate the opportunity to submit two documents for *in camera* review along with a declaration supporting Allstate's claims of privilege. On March 9, 2018, Allstate submitted one document for review, Bates #SOUSIE000001213, and a declaration in support of its position. Dkt. 76.

## II. DISCUSSION

Regarding the motion to compel, the document submitted for *in camera* review seems innocuous. The document contains a summary of a letter sent to the Sousies'

attorney in response to their IFCA complaint. The summary appears to be written by an Allstate employee completing claim management activities. Without further explanation, the document is not subject to privilege. On the other hand, the document is not relevant to any issue in this case. Therefore, the Court concludes that Allstate need not produce the document.

Regarding the motion to strike, Allstate has provided sufficient information to show that the untimely disclosure was harmless. If necessary, the Sousies have sufficient time to obtain a rebuttal expert or depose Allstate's expert. Therefore, the Court denies the Sousies' motion.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Allstate need not produce the document submitted for *in camera* review, Bates #SOUSIE000001213, and the Sousies' motion to strike testimony (Dkt. 48) is **DENIED**.

Dated this 14th day of March, 2018.

BENJAMIN H. SETTLE
United States District Judge