UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALEXANDER N. SOUSIE and AMY M. SOUSIE,<br><br>Plaintiff,<br><br>v.<br><br>ALLSTATE INDEMNITY COMPANY,<br><br>Defendant. | CASE NO. C17-5078 BHS<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendant Allstate Indemnity Company's ("Allstate") motion for reconsideration (Dkt. 92).

On April 3, 2018, the Court granted Plaintiff Alexander and Amy Sousie's ("Sousies") motion to reopen discovery to take the deposition of Rick Wathen. Dkt. 90. On April 11, 2018, Allstate filed a motion for reconsideration arguing that the Court "mistakenly applied the incorrect law." Dkt. 92 at 2.

Motions for reconsideration are governed by Local Rule of Procedure 7(h), which provides as follows:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior

ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

LCR 7(h).

In this case, Allstate moves for reconsideration on numerous grounds. First, before addressing the merits of the motion, attorneys Rick Wathen and A. Elyse O'Neill signed a document that contains the following:

> Plaintiffs make bald assertions, attempting to use buzz words, from [*Cedell v. Farmers Insurance Company of Washington*, 176 Wn.2d 686 (2013)], that counsel:
> • helped in investigating, evaluating, and/or processing the Sousies' claim. ECF 46 at 11:1-2.
> • authored the letters denying the claim. ECF 46 at 9:5-6.
> None of these assertions are supported by evidence in the record.

Dkt. 92 at 4. To the extent that "counsel" refers to Mr. Wathen, the record contains letters that he authored (1) requesting that the Sousies sit for examinations under oath, Dkt. 64-6, (2) denying the Sousies' claim, Dkt. 14-3 at 7–8, and (3) denying the Sousies' request for reconsideration, *id*. at 16–17. The first two letters establish that Mr. Wathen both assisted in processing the claim and "authored [a letter] denying the claim." Dkt. 92 at 4. It is also undisputed that Mr. Wathen conducted the Sousies' examinations under oath, which is a fact-finding activity that, absent an unusual circumstance, would be considered investigating the claim. Thus, Allstate's motion begins with a mischaracterization of the evidence.

Second, Allstate argues that *Rygg v. Hulbert*, C11-1827JLR, 2013 WL 64769 (W.D. Wash. Jan. 4, 2013), controls the issue of Mr. Wathen testifying. Dkt. 92 at 5–6. In *Rygg*, the Court addressed a situation in which a property dispute between neighbors

developed into a single claim for wiretapping. *Id*. at *1. Although the Court declined to resolve any discovery disputes because the parties had failed to file proper motions, the Court "provide[d] guidance to the parties should similar [discovery] requests be filed in the future." *Id*. at *3. As part of that "guidance," the Court informed the parties that it would "follow the principles outlined in *Shelton v. American Motors Corp.* [805 F.2d 1323, 1327–28 (8th Cir. 1986)] with respect to whether the Plaintiffs will be allowed to depose attorneys in this matter." *Id*. To the extent that *Rygg* is a decision, the Court did not commit manifest error in not following the principles outlined in *Shelton*. Instead, the Court explicitly stated why *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686, 698 (2013), "governs the Sousies' IFCA claim." Dkt. 70 at 3–4. The Court concluded that an IFCA claim was a specific subset of the more general bad faith tort. *Id*.

Under *Cedell*, "in first party insurance claims by insured's claiming bad faith in the handling and processing of claims, other than UIM claims, there is a presumption of no attorney-client privilege." *Cedell*, 176 Wn.2d at 700. In the absence of this privilege, it is irrelevant whether Mr. Wathen is a necessary witness. *See*, *e.g.*, *Babai v. Allstate Ins. Co.*, C12-1518 JCC, 2015 WL 1880441, at *3 (W.D. Wash. Apr. 24, 2015) ("Nor does the attorney-client privilege protect Mr. Wathen's testimony regarding the investigation of Plaintiff's claim because while Mr. Wathen participated in the investigation and handling of Plaintiff's claim, he was not acting in his capacity as Allstate's advisor."). When Mr. Wathen was investigating and denying the Sousies' claim, he was not acting as Allstate's advisor. Instead, he was acting as an agent of Allstate and would be considered a lay witness for a certain period of time. The standard

to call a lay witness is whether the testimony is relevant, not whether the witness is necessary. Therefore, the Court denies the motion on this issue.

Third, Allstate argues that if the Sousies depose Mr. Wathen, then they may move to disqualify him from representing Allstate in this matter, depriving Allstate of counsel on the eve of trial. Allstate asserts that this is a "litigation tactic." Dkt. 92 at 7. When Mr. Wathen previously advanced this exact argument, the Court found that "requiring Mr. Wathen to testify will not impose an undue burden on Allstate because Allstate had sufficient notice that Mr. Wathen would be called." *Babai*, 2015 WL 1880441 at *4. Likewise, Allstate had sufficient notice that Mr. Wathen could be called as a witness in this case because it filed a motion for protective order regarding this issue in November 2017. Dkt. 28. Even if Mr. Wathen is called as a witness, he is not automatically disqualified from representing Allstate. Under the Rules of Professional Conduct, Mr. Wathen may not advocate for Allstate if he is a witness. RPC 3.7. Even then, there are exceptions to this rule. *Id*. The Court finds that Allstate bore the burden of these risks and, despite the possibility of disqualification or limited representation, proceeded with Mr. Wathen's representation. Therefore, the Court **DENIES** Allstate's motion for reconsideration.

**IT IS SO ORDERED**.

Dated this 16th day of April, 2018.

BENJAMIN H. SETTLE
United States District Judge