UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALEXANDER N. and AMY M. SOUSIE,

Plaintiffs,

v.

ALLSTATE INDEMNITY COMPANY,

Defendant.

CASE NO. C17-5078 BHS

ORDER DENYING DEFENDANT'S MOTIONS

This matter comes before the Court on Defendant Allstate Indemnity Company's ("Allstate") motion to disqualify Plaintiffs' counsel (Dkt. 93) and motion to strike defense counsel as a witness or, in the alternative, for clarification (Dkt.106). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

In early February 2018, the parties agreed to mediation through the Court's mediation program. On February 21, 2018, Plaintiffs Alexander and Amy Sousie's ("Sousies") counsel Matthew Edwards ("Edwards") sent Allstate's counsel Elyse O'Neill

("O'Neill") a completed Request for Pro Bono Mediation. Dkt. 95-2. Where the document requests a reason for the parties' financial hardship, Edwards stated that "Plaintiffs are a married couple with 5 children who would incur a financial hardship if required to pay for mediation." *Id*. On February 23, 2018, O'Neill returned a signed copy of the form with a handwritten annotation that "Defendant Allstate does not comment or endorse Plaintiffs' request for pro bono mediation." Dkt. 95-3.

On February 28, 2018, Edwards submitted a request for mediation without Allstate's alteration and signed it on behalf of O'Neill. Dkt. 95-4. On March 7, 2018, Allstate's counsel Rick Wathen ("Wathen") sent Edwards a letter informing him that he failed to submit the copy of the form that was signed by O'Neill. Dkt. 94-1. Wathen stated that Edwards "apparently executed [the form] on behalf of Ms. O'Neill without her consent and without advising the Court of Allstate's concerns." *Id*. Wathen considered Edwards's "conduct to be an egregious violation of [Edwards's] ethical obligations." *Id*.

In response to Wathen's letter, Edwards declares that he immediately contacted the court clerk to confirm what had been submitted. Dkt. 102, ¶ 9. The clerk informed Edwards that she only received the form that was signed by Edwards on behalf of O'Neill. *Id*. Edwards told the clerk that the document he submitted was not the complete set of documents, and he immediately emailed the clerk a copy of the form with O'Neill's actual signature and Allstate's position on the Sousies' request for pro bono mediation. *Id*. ¶¶ 9–10. Edwards then emailed Wathen explaining that, although he gave his staff both forms to submit, his staff incorrectly submitted only the form signed by Edwards on

behalf of O'Neill. *Id.* ¶ 11. Edwards also apologized for the "unintentional error in failing to mail the entirety of the document." *Id.*

On April 12, 2018, Allstate filed a motion to disqualify Edwards due to his "forgery" of O'Neill's signature. Dkt. 93. On April 23, 2018, the Sousies responded. Dkt. 101. On April 27, 2018, Allstate replied. Dkt. 103.

Regarding Allstate's other motion, the Court concluded that the Sousies could depose Wathen as a fact witness. Dkt. 90. On April 16, 2018, the Court denied Allstate's motion for reconsideration concluding in relevant part that "[e]ven if Mr. Wathen is called as a witness, he is not automatically disqualified from representing Allstate." Dkt. 99. On April 27, 2018, Allstate filed a motion to strike Wathen as a fact witness or, in the alternative, clarify Wathen's role moving forward. Dkt. 106. On May 14, 2018, the Sousies responded. Dkt. 117. On May 18, 2018, Allstate replied and improperly submitted almost seventy pages of evidence in support of its reply. Dkts. 141, 142; *Docusign, Inc. v. Sertifi, Inc.*, 468 F. Supp. 2d 1305, 1307 (W.D. Wash. 2006) ("It is well established that new arguments and evidence presented for the first time in Reply are waived.").

## II. DISCUSSION

**A.  Edwards**

Allstate provides no authority for the proposition that the Court should disqualify an attorney for the alleged forgery of a document requesting mediation. As counsel for Allstate should know, forgery requires "an intent to injure or defraud . . . ." RCW 9A.60.020. In order to determine Edwards's intent consistent with due process, the Court

must hold an evidentiary hearing. The Court declines to do so. Even if the Court considered a hearing, Allstate fails to elaborate on its request to "disqualify" Edwards. It is unclear whether Allstate requests that Edwards be disqualified from representing the Sousies or disqualified from appearing in this Court. Allstate's counsel did cite to disciplinary proceedings initiated by the Washington State Bar Association ("WSBA"). Allstate also asserts that it has reported Edwards to the WSBA. As such, if the WSBA suspends Edwards's bar license while this proceeding is ongoing, then the Court will take action. Allstate, however, fails to allege any facts that rise to the level of conduct by attorneys that have been suspended or disbarred. Instead, Allstate has simply filed a motion that wastes the Court's and Edwards's resources in an apparent attempt to slander Edwards or undermine his credibility with the Court. Regardless, no grounds exist to disqualify Edwards, and the Court denies Allstate's motion.

**B.     Wathen**

Allstate's other meritless motion is based on its position that *Cedell v. Farmers Ins. Co. of Washington*, 176 Wn.2d 686 (2013), is inapplicable in this case. Dkt. 106. At this point, Allstate may assert that position with the Ninth Circuit because the Court declines to reconsider its conclusions that *Cedell* is applicable and that Wathen is a *fact* witness in this matter.[1] Allstate should recognize that *Babai v. Allstate Ins. Co.*, C12-1518 JCC (W.D. Wash.), is a more persuasive authority than *Alvarez v. Allstate Ins. Co.*, 198 Wn. App. 1053 (2017). In *Alvarez*, the plaintiff sued Allstate as well as Wathen and

---

[1] Now that the trial has been continued, Allstate may file for a writ of mandamus and seek a stay of this matter from that court.

his firm. *Id*. at *1.  The trial court concluded that the claims against Wathen and his firm were frivolous and imposed sanctions. *Id*. at *2.  The Sousies have not brought any claims against Wathen or his firm, and, therefore, *Alvarez* is not persuasive authority for any issue in this matter.

To the extent that Allstate requests clarification on Wathen's role going forward, the only clarification necessary at this point is that the Court expects Wathen to honor his ethical obligations pursuant to the rules of professional conduct and the case law interpreting those rules.  It should be noted that this is not the first instance wherein Wathen was in this position, and, as previously found by Judge Coughenour regarding the almost identical situation, "[t]hese arguments appear not to be made in earnest, but the byproduct of highly questionable gamesmanship." *Babai v. Allstate Ins. Co.*, C12-1518 JCC (W.D. Wash. Apr. 28, 2015) (order denying motion to continue trial based upon Allstate's argument that it had no "reasonable belief" that Wathen would be called as a witness).  If the Sousies file a motion to disqualify or limit Wathen's role as defense counsel because he is a fact witness, the Court will address the merits of the motion.  At this point, however, the Sousies are improperly seeking relief in a responsive brief and Allstate counters in its reply with additional improperly submitted evidence.  Because the trial has been continued for unrelated reasons, the parties have the time and opportunity to present the issue in a manner consistent with due process.

### III. ORDER

Therefore, it is hereby **ORDERED** that Allstate's motion to disqualify Plaintiffs' counsel (Dkt. 93) and motion to strike defense counsel as a witness or, in the alternative, for clarification (Dkt.106) are D**ENIED**.

Dated this 22nd day of May, 2018.

_____
BENJAMIN H. SETTLE
United States District Judge